**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAFE & SAFETY INC. and SHENZHEN ZHENGMI TECHNOLOGY CO., LTD., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:26-cv-5655 |
| v. | ) ) | |
| ZHENG GONG, | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) | |

**COMPLAINT FOR LEGAL MALPRACTICE, BREACH OF FIDUCIARY DUTY, FRAUD — FABRICATED BILLING RECORDS, AND UNJUST ENRICHMENT**

NOW COMES Plaintiffs Safe & Safety Inc. and Shenzhen Zhengmi Technology Co., Ltd. (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this Complaint against Defendant Zheng Gong ("Attorney Gong"), and allege as follows:

**PARTIES**

1. Plaintiff Safe & Safety Inc. is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business at 1312 17th Street #692, Denver, Colorado 80202. Safe & Safety Inc. is a citizen of the State of Colorado for purposes of 28 U.S.C. § 1332.

2. Plaintiff Shenzhen Zhengmi Technology Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business at Building Y1, Unit 202, Bantian Cultural and Creative Park, Longgang District, Shenzhen, Guangdong Province, China. Shenzhen Zhengmi Technology Co., Ltd. is a foreign subject for purposes of 28 U.S.C. § 1332(a)(2) and is not incorporated in, and does not maintain a principal place of business in, any state of the United States.

3. Defendant Zheng Gong ("Attorney Gong") is, upon information and belief, an attorney licensed to practice law in the State of Illinois and a principal and/or partner of ShinyRise PLLC, a law firm with its principal place of business at 1 East Erie Street, Suite 525-5203, Chicago, Illinois 60611. Attorney Gong is domiciled in and a citizen of the State of Illinois.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states and foreign subjects. Plaintiff Safe & Safety Inc. is a citizen of the State of Colorado. Plaintiff Shenzhen Zhengmi Technology Co., Ltd. is a foreign subject incorporated in and existing under the laws of the People's Republic of China, with no U.S. state citizenship. Defendant Zheng Gong is domiciled in and a citizen of the State of Illinois. Complete diversity of citizenship exists among all parties.

5. This Court has personal jurisdiction over Defendant because Defendant is licensed to practice law in Illinois, maintains a principal office in Chicago, Illinois, and performed the legal services giving rise to these claims in and from the Northern District of Illinois.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant resides in and maintains her principal office in Chicago, Illinois, within this District.

## FACTUAL BACKGROUND

### The Attorney-Client Relationship and Engagement

7. In or around early 2024, Plaintiffs retained Attorney Gong to represent them in patent infringement litigation in the United States District Court for the Northern District of

Illinois, Case No. 24-cv-03459 (the "Patent Litigation"). A true and correct copy of the Engagement Letter is attached hereto as **Exhibit A**.

8.  Plaintiffs engaged Attorney Gong to prosecute claims arising from U.S. Patent No. 11,112,212 against infringing sellers marketing products on Amazon.com, in a matter commonly referred to as a "Schedule A" case.

9.  Attorney Gong represented herself to Plaintiffs as a specialist in Intellectual Property law and experienced in e-commerce patent enforcement matters. In reliance upon these representations, Plaintiffs engaged Attorney Gong for this specialized litigation.

10. The engagement was structured in phases. Under "Phase I," Attorney Gong agreed to perform all pre-suit investigation, complaint drafting, filing, and related services for a flat fee of $25,000.00, which Plaintiffs paid in full. Under "Phase II," Attorney Gong agreed to perform post-filing litigation services—including pursuing a temporary restraining order ("TRO"), preliminary injunction, and related proceedings—for an additional flat fee of $10,000.00, which Plaintiffs also paid in full.

11. Upon information and belief, Attorney Gong does not hold a science degree, is not a registered patent attorney with the United States Patent and Trademark Office, and had no prior experience serving as lead counsel in patent litigation at the time she undertook this representation. Attorney Gong had no prior experience executing a "Schedule A" case and failed to disclose these material limitations to Plaintiffs before or during the engagement. These misrepresentations were made to induce Plaintiffs to retain and pay Attorney Gong.

### Attorney Gong's Undisclosed Conflict of Interest

12. Subsequent to entering into the engagement, Attorney Gong informed Plaintiffs that they were required to dismiss Defendant No. 12, Gloryfire, from the Patent Litigation.

13. Upon information and belief, at the time Attorney Gong issued this instruction, she was concurrently representing Gloryfire in trademark-related matters. This representation created a direct and material conflict of interest between Plaintiffs and Gloryfire, whose interests as a defendant in the Patent Litigation were directly adverse to those of Plaintiffs.

14. Attorney Gong did not disclose this conflict of interest to Plaintiffs prior to or at the time of the engagement, and no conflict of interest waiver was ever sought from or signed by Plaintiffs. This undisclosed conflict of interest constitutes a violation of Attorney Gong's duties of loyalty and candor, and directly caused Plaintiffs harm in the form of the forced dismissal of Gloryfire—a defendant against whom Plaintiffs had meritorious claims—from the Patent Litigation.

**Attorney Gong's Incompetence and Fundamental Errors**

15. Throughout the representation, Attorney Gong demonstrated a lack of competence and preparedness consistent with an attorney learning patent litigation for the first time rather than the specialist she held herself out to be. Upon information and belief, Attorney Gong researched basic patent litigation concepts—including reviewing sample successful briefs—during the billing period and at Plaintiffs' expense.

16. Most critically, this Court found that Attorney Gong committed a fundamental procedural error when filing the motion for a temporary restraining order by failing to comply with Federal Rule of Civil Procedure 65(b)(1). *See* Dkt. 49 in Case No. 24-cv-03459. This procedural error is inexcusable for an attorney holding herself out as competent in federal patent litigation, and directly resulted in the denial of TRO relief that Plaintiffs were otherwise entitled to pursue. But for this error, Plaintiffs had a reasonable likelihood of obtaining TRO relief, which would have provided immediate injunctive protection against

continued infringement and materially strengthened their litigation posture and settlement leverage.

17. Attorney Gong also failed to timely perform her obligations. Despite promising Plaintiffs that she would file the motion for a temporary restraining order on or around April 17, 2024, she did not do so. Instead, she went entirely unreachable for approximately six (6) days, during which she failed to respond to Plaintiffs' repeated communications via text message, phone call, and email.

18. When Attorney Gong resurfaced on or around April 23, 2024, she provided no adequate justification for her absence and informed Plaintiffs she needed yet further time until April 30, 2024, to ensure quality work. On April 30, 2024, however, Attorney Gong filed the complaint without the accompanying TRO motions—filing those motions only on May 10, 2024, ten additional days later.

19. Upon information and belief, Attorney Gong never analyzed the sample accused products she ordered and received for patent infringement purposes. Those samples were later found in unopened boxes at the time the representation was terminated, reflecting a complete failure to perform a fundamental aspect of her duties.

**Attorney Gong's Abandonment of the Case and Improper Demands**

20. On or about June 30, 2024—shortly after the TRO was granted in the Patent Litigation— Plaintiffs received communication from Attorney Gong indicating that prior art had been identified relating to Plaintiffs' patent. Upon receiving this information, Attorney Gong abruptly and unilaterally declared that there was no point in continuing the litigation and that the defendants in the Patent Litigation would likely be able to exploit such prior art.

21. Rather than properly counseling Plaintiffs regarding the significance and likelihood of such prior art defenses, assessing the strength of Plaintiffs' patent claims in light of the identified

prior art, or advising Plaintiffs on how to proceed, Attorney Gong abandoned the representation.

22. Attorney Gong then demanded an additional $20,000.00 to file a motion for preliminary injunction and attend related hearings—services that were expressly included within the scope of the Phase II engagement and for which Plaintiffs had already paid the agreed flat fee of $10,000.00.

23. Attorney Gong's refusal to proceed with included services unless paid an additional unauthorized sum constituted a breach of the engagement agreement and an abandonment of Plaintiffs' representation. Attorney Gong thereafter refused to communicate with incoming successor counsel regarding case status, and delayed the return of Plaintiffs' property, including the purchased sample products.

### Fraudulent and Inflated Billing

24. On or around July 5, 2024, after Plaintiffs moved to terminate the representation, Attorney Gong issued Invoice No. 24cv03459-#2 (the "Invoice"), claiming a total of $112,860.00 in fees billed at $600.00 per hour, against which credits of $35,000.00 for previously paid flat fees were applied, leaving a purported balance due of $77,860.00. A true and correct copy of the Invoice is attached hereto as **Exhibit B**.

25. Because the engagement was conducted on a flat-fee basis, Attorney Gong did not contemporaneously record her time. Upon information and belief, the time entries reflected on the Invoice were fabricated or grossly inflated after the fact, in connection with Attorney Gong's efforts to extract additional fees following termination of the representation. The basis for this belief includes, among other things: (a) the flat-fee nature of the engagement, which provided no occasion for contemporaneous timekeeping; (b) the entries for dates when Attorney Gong was, upon information and belief, entirely unreachable and not

performing legal work; and (c) the gross disproportion between the hours billed and the volume and quality of work produced.

26. The Invoice contains numerous entries that are improper, fabricated, or outside the scope of the parties' engagement, including:

   a. Entries for Phase I work (pre-suit investigation, complaint drafting, and filing) for which Plaintiffs had already paid the agreed $25,000.00 flat fee. These entries were improperly billed again as hourly charges.

   b. Entries for Phase II work (TRO motions, preliminary injunction research, and related services) for which Plaintiffs had already paid the agreed $10,000.00 flat fee. These entries were similarly billed again as hourly charges.

   c. Entries for services never requested by and never disclosed to Plaintiffs, including a "clickable document" created to track infringing product links, which was not within the scope of the engagement.

   d. Over 38 hours of attorney time billed for preparation of Exhibit 2 to the Complaint—a document consisting primarily of screenshots of Amazon product listings. This task is routinely delegated to non-attorney staff or legal assistants at a fraction of the cost. Upon information and belief, comparable work in comparable litigation was completed by a non-attorney assistant in approximately 16 hours covering 89 defendants—far fewer hours than Attorney Gong billed Plaintiffs for this ministerial task.

   e. Entries purporting to reflect correspondence on dates when, upon information and belief, Attorney Gong was entirely unreachable and not performing any legal work.

f. Entries for researching and drafting basic aspects of patent litigation—including reviewing exemplary successful briefs—reflecting Attorney Gong's lack of prior competence and her self-directed on-the-job learning at Plaintiffs' expense.

27. The total hours billed are grossly disproportionate to the actual work reasonably required. A competent attorney experienced in Schedule A patent cases would require a fraction of the time billed by Attorney Gong to perform equivalent or superior work. Upon information and belief, Attorney Gong inflated these time records in bad faith after the fact to justify an improper demand for payment following the termination of the engagement.

28. Attorney Gong's first invoice following termination demanded $102,860.00 and failed to credit Plaintiffs' $25,000.00 Phase I payment at all, and only corrected this omission upon issuance of the revised Invoice on or about July 5, 2024—further evidencing the haste and bad faith with which these billing records were assembled.

## CAUSES OF ACTION
### COUNT I — LEGAL MALPRACTICE

29. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1 through 28 above as if fully restated herein.

30. Attorney Gong owed Plaintiffs a duty of care to represent them in a competent, diligent, and professional manner consistent with the standard of care applicable to attorneys practicing patent and intellectual property litigation in Illinois.

31. Attorney Gong breached that duty of care by, among other things: (a) holding herself out as a specialist in intellectual property without possessing adequate experience or qualifications; (b) committing a fundamental procedural error in violation of Federal Rule of Civil Procedure 65(b)(1) in filing the TRO motion; (c) failing to appear and communicate with Plaintiffs for approximately six days during a critical phase of the

litigation; (d) failing to timely file required motions; (e) failing to conduct adequate infringement analysis of purchased sample products; (f) failing to properly counsel Plaintiffs regarding the identified prior art and advise them on how to proceed; and (g) abandoning the representation upon learning of prior art rather than continuing the engagement.

32. But for Attorney Gong's negligence, Plaintiffs had a reasonable likelihood of obtaining meaningful relief in the Patent Litigation. In particular, absent the Rule 65(b)(1) procedural error, Plaintiffs had a reasonable probability of obtaining TRO relief against the infringing defendants, which would have stopped ongoing infringement, generated early settlements, and materially enhanced Plaintiffs' overall recovery. Attorney Gong's failure to properly advise Plaintiffs regarding the prior art issue further deprived them of the ability to make informed litigation decisions.

33. As a direct and proximate result of Attorney Gong's professional negligence, Plaintiffs sustained damages including, but not limited to, fees paid to Attorney Gong for substandard work, costs incurred in retaining successor counsel, loss of TRO relief and associated settlement value, harm to the strength and posture of the Patent Litigation, and other consequential damages in an amount to be proven at trial.

## COUNT II — BREACH OF FIDUCIARY DUTY

34. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1 through 33 above as if fully restated herein.

35. As an attorney representing Plaintiffs, Attorney Gong owed Plaintiffs the highest fiduciary duties, including duties of loyalty, candor, disclosure, and to act in Plaintiffs' best interests at all times.

36. Attorney Gong breached her fiduciary duties by: (a) misrepresenting her qualifications and experience to induce Plaintiffs to retain her; (b) failing to disclose her concurrent representation of Gloryfire, a defendant in the same litigation adverse to Plaintiffs' interests, in violation of her duty of loyalty and Illinois Rule of Professional Conduct 1.7; (c) performing substandard work and billing for it without disclosure; (d) abandoning Plaintiffs' representation at a critical juncture; (e) demanding unauthorized additional fees for services already covered under the engagement agreement; (f) refusing to cooperate with successor counsel in violation of her obligations; and (g) delaying return of Plaintiffs' property, including purchased sample products.

37. These breaches were willful, wanton, and in bad faith, and directly and proximately caused Plaintiffs to suffer substantial damages in an amount to be proven at trial.

### COUNT III — FRAUD — FABRICATED BILLING RECORDS

38. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1 through 37 above as if fully restated herein.

39. After Plaintiffs terminated the engagement, Attorney Gong presented the Invoice purporting to reflect contemporaneous hourly billing records. Upon information and belief, these records were fabricated after the fact because the engagement had been conducted on a flat-fee basis and no contemporaneous time records were maintained. The basis for this belief is set forth in paragraph 25 above and is further supported by the specific false entries identified below.

40. The Invoice contains false and fabricated entries, specifically: (a) entries billing on an hourly basis for Phase I work (pre-suit investigation, complaint drafting, and filing) for which a flat fee of $25,000.00 had already been paid, double-billing Plaintiffs for the same services; (b) entries billing on an hourly basis for Phase II work (TRO motions, preliminary

injunction research, and related services) for which a flat fee of $10,000.00 had already been paid, double-billing Plaintiffs for the same services; (c) entries for services never requested by Plaintiffs, including a "clickable document" to track infringing product links; (d) over 38 hours billed for the preparation of Exhibit 2, a ministerial task consisting primarily of Amazon product screenshots that a non-attorney completed in comparable litigation in approximately 16 hours; and (e) entries reflecting correspondence and work performed on dates when, upon information and belief, Attorney Gong was entirely unreachable and performing no legal services.

41. Attorney Gong presented these fabricated and fraudulent billing records with knowledge of their falsity and with intent to induce Plaintiffs to pay $77,860.00 in amounts not legitimately owed. Attorney Gong's initial invoice demanded $102,860.00 and failed to credit the Phase I flat fee at all, further evidencing the deliberate and bad-faith nature of these fabrications.

42. Plaintiffs suffered damages as a direct and proximate result of Attorney Gong's fraudulent billing. Attorney Gong's conduct warrants an award of punitive damages.

### COUNT IV — UNJUST ENRICHMENT

43. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1 through 42 above as if fully restated herein.

44. Plaintiffs paid Attorney Gong a total of $35,000.00 in flat fees. A substantial portion of the services for which those fees were paid was performed incompetently, negligently, and below the standard of care, or was not performed at all.

45. In the alternative, and to the extent the engagement agreement between the parties is found unenforceable or otherwise does not govern the particular fees at issue, it would be

inequitable and unjust for Attorney Gong to retain the full benefit of fees paid for services that were not performed competently or in accordance with the parties' agreement.

46. Plaintiffs are entitled to disgorgement and restitution of fees paid to Attorney Gong in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Safe & Safety Inc. and Shenzhen Zhengmi Technology Co., Ltd. respectfully request that this Court enter judgment in their favor and against Defendant Zheng Gong as follows:

a. Actual compensatory damages for legal malpractice, breach of fiduciary duty, and fraud in an amount to be proven at trial;

b. Restitution and disgorgement of all fees paid to Attorney Gong for services that were not performed competently or in accordance with the engagement;

c. A declaration that Plaintiffs owe no further amounts under the Invoice, Invoice No. 24cv03459-#2, or any invoice submitted by Attorney Gong;

d. Punitive damages as warranted by Attorney Gong's willful, wanton, and fraudulent conduct;

e. Pre-judgment and post-judgment interest as allowed by law;

f. Costs of suit; and

g. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: May 15, 2026.

Respectfully submitted,

PLAINTIFFS SAFE & SAFETY INC. AND SHENZHEN ZHENGMI TECHNOLOGY CO., LTD.

By: */s/Thomas J. Nitschke*
Thomas J. Nitschke
ARDC No. 6225740
Dragonfly Law Group, P.C.
3016 Mary Kay Lane
Glenview IL 60026
720-454-0129
tomn@dflylaw.com
*Counsel for Plaintiffs*