**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SAFE & SAFETY INC. and SHENZHEN ZHENGMI TECHNOLOGY CO., LTD.,** | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:26-cv-5655 |
| v. | ) ) | |
| **ZHENG GONG,** | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**AMENDED JOINT INITIAL STATUS REPORT**

1. **Nature of the Case**

   A. Identify the attorneys of record for each party, including the lead trial attorney.

| | |
|---|---|
| Thomas J. Nitschke <br> ARDC No. 6225740 <br> Dragonfly Law Group, P.C. <br> 3016 Mary Kay Lane <br> Glenview IL 60026 <br> 720-454-0129 <br> tomn@dflylaw.com <br> *Counsel for Plaintiffs* | Sen Wang <br> ARDC No. 6324817 <br> Venture Partner, LLC <br> 332 S Michigan Ave #900 <br> Chicago, IL 60604 <br> 312-725-0886 <br> *Counsel for Defendant* |

   B. Identify any parties that have not yet been served.

All parties have been served.

   C. State the basis for federal jurisdiction. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

Plaintiffs' contention: This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Complete diversity exists because Plaintiff Safe & Safety Inc. is a citizen of Colorado, Plaintiff Shenzhen Zhengmi Technology Co., Ltd. is a citizen and foreign subject of the People's Republic of China, and Defendant Zheng Gong is a citizen of Illinois.
Defendant's contention: This Court does not have subject matter jurisdiction because (1) there is no federal question jurisdiction, and (2) there is no diversity jurisdiction.

   i. state whether and, if so, why the amount in controversy exceeds the $75,000 jurisdictional threshold; and

Plaintiffs' contention: The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs seek compensatory damages arising from alleged legal malpractice, breach of fiduciary duty, fraud, and unjust enrichment, together with restitution, punitive damages, declaratory relief, interest, and costs. The damages alleged substantially exceed the jurisdictional threshold.

Defendant's contention: There is no plausible allegation that the amount in controversy exceeds $75,000 and Plaintiffs have failed to demonstrate that the amount in controversy exceeds $35,000, which was the total amount received by Defendant's firm in connection with her prior representation of Plaintiffs.

    ii.    identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

Plaintiffs' contention: **Plaintiff Safe & Safety Inc.** is a corporation organized under the laws of Colorado with its principal place of business in Denver, Colorado, and is therefore a citizen of Colorado.
**Plaintiff Shenzhen Zhengmi Technology Co., Ltd.** is a corporation organized under the laws of the People's Republic of China with its principal place of business in Shenzhen, Guangdong Province, China, and is therefore a foreign citizen for purposes of 28 U.S.C. § 1332(a)(2).
**Defendant Zheng Gong** is an individual domiciled in Illinois and is therefore a citizen of Illinois.

Defendant's contention: Diversity is evaluated based on citizenship, not residency. Ms. Gong is a citizen of the People's Republic of China. Thus, there is no complete diversity among the parties.

> NOTE: The report must address whether there is diversity of citizenship in any case in which supplemental jurisdiction over state law claims is asserted, so that the Court may exercise informed discretion about whether to resolve such claims in the event that the federal question claims are resolved or dismissed.

    D. Describe generally the nature of the claims asserted in the complaint and any counterclaims.

Plaintiffs assert claims for legal malpractice, breach of fiduciary duty, fraud arising from alleged fabricated billing records, and unjust enrichment. Plaintiffs allege Defendant negligently represented them in underlying patent litigation, failed to disclose an alleged conflict of interest, improperly abandoned the representation, and submitted fabricated or inflated billing records following termination of the attorney-client relationship.

No counterclaims have been filed. Defendant denies any wrongdoing and intends to vigorously defend the present action. At this juncture, Defendant contends that subject matter jurisdiction is lacking in this Court. In the event the Court finds otherwise, Defendant will seek to compel binding arbitration based on the arbitration agreement between the parties.

    E. State the major legal and factual issues in the case.

**Major Legal Issues** include whether Defendant committed legal malpractice, breached fiduciary duties owed to Plaintiffs, engaged in fraud through the submission of fabricated or inflated billing records, and was unjustly enriched by retaining fees for services allegedly not competently performed; whether Plaintiffs terminated Defendant's representation for improper purpose, and whether Plaintiffs breached their contractual obligation to pay additional fees owed to Defendant. **Major Factual Issues** include Defendant's qualifications and experience to undertake the representation, the existence and disclosure of any conflict of interest, Defendant's handling of the underlying patent litigation, all communications among Defendant, Plaintiffs and Plaintiffs' co-lead counsel Mr. Shaoyi Che who was jointly representing Plaintiffs in the underlying patent litigation first with Defendant and later with successor counsel, the circumstances surrounding the termination of the representation, the underlying motivation of Plaintiffs' sudden attempt to substitute Defendant with new counsel during the underlying patent litigation, the reasonableness and accuracy of Defendant's billing records, and the nature and extent of Plaintiffs' and Defendant's alleged damages, respectively.

    F.  Describe the relief sought.

Plaintiffs seek compensatory damages, restitution and disgorgement of attorney's fees paid, a declaration that no additional fees are owed under Defendant's invoice, punitive damages, pre- and post-judgment interest, costs, and such other relief as the Court deems just and proper.

Given the current posture of the action, Defendant has not asserted any counterclaims. In the event this action ultimately proceeds in this Court, Defendant anticipates seeking compensatory damages for Plaintiffs' breach of contract, all applicable damages for reputational harm caused by Plaintiffs' libel and defamation, pre- and post-judgment interest, costs, and such other relief as the Court deems just and proper.

**2. <u>Case Plan</u>**

    A.  Identify all pending motions.

No current pending motions.

    B.  State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.

Defendant expects to move to dismiss the action due to the lack of subject matter jurisdiction. In the event the Court finds that subject matter jurisdiction is proper, Defendant will seek to compel binding arbitration based on the arbitration agreement between the parties. Defendant respectfully requests that discovery in this action be stayed until these jurisdictional issues have been resolved.

    C.  Submit a proposed discovery plan, including the following information:

        i.      the general type of discovery needed;

Discovery will include written discovery, including interrogatories, requests for production, and requests for admission; depositions of the parties and relevant fact witnesses; third-party discovery as appropriate; expert discovery; and discovery relating to damages.

ii. whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;

Discovery is expected to encompass electronically stored information ("ESI"), including emails, text messages, WeChat messages, billing records, time records, electronic case files, communications between the parties, Plaintiffs' communications with successor counsel, communications between Plaintiffs and counsel Mr. Shaoyi Che who was jointly representing Plaintiffs in the underlying patent litigation first with Defendant and later with successor counsel, communications between Plaintiffs and/or their respective corporate agents and representatives (*e.g.*, Mr. Ziyang Bao, Mr. Mingjie Wang, Mr. Jianbang Chen, and Mr. Jiansheng Chen, etc.) concerning the underlying patent litigation and/or Defendant, electronically stored litigation documents, and other electronically maintained business records. The parties are not presently aware of any unusual issues concerning the preservation or production of ESI. The parties anticipate producing ESI in reasonably usable electronic form, including searchable PDF format where appropriate and native format for spreadsheets or metadata-dependent documents.

iii. any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d);

The parties anticipate that attorney-client privilege and work-product issues may arise during discovery. Plaintiffs propose that the Court enter an order pursuant to Federal Rule of Evidence 502(d) providing that the inadvertent disclosure of privileged or protected materials shall not constitute a waiver of privilege or protection. Defendant contends that Plaintiffs have waived attorney-client privilege and work-product protection in relation to the underlying patent litigation, first during the underlying patent litigation and again by bringing the present action. Thus, Defendant opposes the entry of an order pursuant to Federal Rule of Evidence 502(d).

iv. the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made;

Initial disclosures will be exchanged within the time required by Federal Rule of Civil Procedure 26(a)(1) following the parties' Rule 26(f) conference.

v. the date by which the parties will complete fact discovery;

Plaintiffs propose that fact discovery be completed within six (6) months after entry of the scheduling order.

      vi.      whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed;

          Expert discovery is anticipated. Plaintiffs expect to disclose expert witnesses concerning the applicable standard of care, attorney malpractice, legal billing practices, and damages. The parties jointly propose that expert disclosures be made within 60 days after the close of fact discovery, rebuttal disclosures 60 days thereafter, and expert depositions completed within 60 days following rebuttal disclosures.

      vii.    what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois, such as changes in the number of depositions or interrogatories permitted; and

The parties do not presently anticipate any modifications to the discovery limitations imposed by the Federal Rules of Civil Procedure or the Local Rules. The parties reserve the right to seek modification should the needs of discovery warrant.

      viii.   the date by which the parties must file any dispositive motions.

Dispositive motions shall be filed within 60 days after the completion of expert discovery.

    D.  State whether there has been a jury demand and the estimated length of the trial.

Plaintiffs have demanded a jury trial. The parties presently estimate that trial will require approximately five (5) days.

## 3. Settlement

    A.  State whether any settlement discussions have occurred and describe the status of any such discussions. Do not provide the particulars of any settlement demands/offers.

No settlement discussions have occurred to date.

    B.  State whether the parties believe that a settlement conference would be productive at this time.

A settlement conference is unlikely to be productive until Defendant has appeared, answered or otherwise responded to the Complaint, and the parties have exchanged initial discovery.

## 4. Consent to Proceed Before a Magistrate Judge

    A.  State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure. Do not indicate which parties consented or did not consent.

Counsel have informed their respective clients regarding the option of consenting to proceed before the assigned Magistrate Judge for all purposes. The parties do not unanimously consent at this time/Defendant's position is presently unknown.

Dated: July 14, 2026.

Respectfully submitted,

PLAINTIFFS SAFE & SAFETY INC. AND SHENZHEN ZHENGMI TECHNOLOGY CO., LTD.

By: */s/Thomas J. Nitschke*
Thomas J. Nitschke
ARDC No. 6225740
Dragonfly Law Group, P.C.
3016 Mary Kay Lane
Glenview IL 60026
720-454-0129
tomn@dflylaw.com
*Counsel for Plaintiffs*

By: */s/ Sen Wang*
Sen Wang
ARDC No. 6324817
Venture Partner, LLC
332 S Michigan Ave #900
Chicago, IL 60604
312-725-0886
*Counsel for Defendant*